# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:10-cv-0220-LRH-VPC |
| vs. | ) | |
| REX REED, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff Randal Wiideman filed a complaint in Nevada State Court alleging violations of his constitutional rights under 42 U.S.C. § 1983. The Court dismissed the complaint for failure to state a claim and plaintiff now moves to vacate the order and judgment contending that he is entitled to amend his complaint rather than have it dismissed outright.

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the Constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). Under 28 U.S.C. § 1915A, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

1  such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which
2  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies
3  the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.
4  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the
5  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint
6  that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106
7  (9th Cir. 1995).

8  As the Court's order of dismissal demonstrated, plaintiff's claims are such that it appears clearly that he could not provide additional facts which would convert his claims to viable allegations of constitutional violations. Although plaintiff alleges he has "solid evidence" to support his claims, the fact remains that his claims do not state a violation of his federal rights. His personal disagreement with the contents of prison regulations is insufficient to state a claim.

13  The motion to vacate the order and judgment shall be denied.

14  **IT IS THEREFORE ORDERED** that the Motion to Vacate the Order and Judgment (docket #14) is **DENIED**.

16  **IT IS FURTHER ORDERED** that the Clerk shall not accept for filing any additional motions, pleadings, or letters. Any notice of appeal shall be filed, but shall be considered to be taken in bad faith.

18  DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE